(March 17, 1937.)

In the Matter of the Claim of DOMENICK D'ADAMO, Respondent, against THE TRAVELERS INSURANCE COMPANY, Appellant, and DOMENICK D'ADAMO, Employer.

Hill, P. J., McNamee, Crapser and Bliss, JJ., concur; Rhodes, J., dissents and votes to reverse, with a memorandum.

RHODES, J. (dissenting). I dissent because it seems to me the award is wholly contrary to the spirit and intent of the law. The employer is primarily liable for compensation and the employer here in effect seeks payment of compensation by himself to himself as a dependent.

Section 10 requires every *employer* to secure compensation to his employees. Section 11 speaks of the liability of the *employer* under the preceding section. Section 53 provides that an *employer* shall be relieved from liability only if insured in the State Fund. Section 39 provides that compensation shall be paid only to employees or other *dependents*. I do not think this means payment of compensation to an employer, although of course it does permit payment to a dependent.

There can be no liability for compensation insurance by a carrier unless the employer is himself liable.

While the policy of insurance is not before us, this is of no consequence, because if there is no liability on the part of the employer then certainly there can be no liability on the part of the insurance company whose policy under the statute is only required to secure the liability of the employer. It is true that the employer may have taken out other forms of insurance to protect himself, but the Industrial Board is not the forum to enforce other forms of accident or liability policies. Such a policy would have to be enforced through the courts. I do not think there is analogy between this situation and that of employees of a corporation who are entitled to compensation. The officers of the corporation and the corporation still remain separate entities and when the officers are paid compensation it does not mean that the corporation employer is receiving compensation.